■ INSURANCE CORPORATION OF IRELAND LIMITED, Appellant-Respondent, v KCC NEW YORK SYNDICATE CORP. et al., Respondents-Appellants, and J. L. KELLEY, INC., Respondent. —Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered June 26, 1990, which dismissed the complaint as against all of the defendants, unanimously affirmed, with costs. The appeal by defendants-respondents-appellants from so much of the same judgment as dismissed their cross-claim against defendant J. L. Kelley, Inc. is dismissed as academic, without costs.

Plaintiff's contention that a contract of reinsurance was in place by January 18, 1982, when defendants-reinsurers, through their agent, defendant J. L. Kelley, Inc., telexed to plaintiff's agent, Peek Puckle International, their acceptance of plaintiff's offer to purchase reinsurance on certain specified terms, has no support in the record. Rather, the series of telexes exchanged between Peek Puckle and Kelley between January 4, 1982 and January 22, 1982 indisputedly show that the contract was formed on January 22, 1982, when Peek Puckle telexed Kelley advising it to "please bind" as per the terms of Kelley's telex of January 18, 1982. The fact that the telex of January 18 might itself have been confirmatory of a telephone conversation between Peek Puckle and Kelley earlier that day, does not raise an issue of fact as to whether there was a meeting of the minds on January 18, given that the telex of January 18 plainly advised: "WILL AWAIT YOUR INSTRUCTIONS IF WE ARE TO BIND."

As the contract of reinsurance came into effect on January 22, 1982, after the loss sustained by plaintiff's insured on

January 20, which plaintiff concededly knew of no later than January 21, it follows that the warranty of no known or reported losses given in Peek Puckle's telex to Kelley of January 22 was breached by plaintiff, rendering the binder of January 22 unenforceable. The documentary evidence, especially Peek Puckle's Cover Note to plaintiff on February 2, 1982, establishes that the parties understood that the warranty was to extend through January 22.

We have considered plaintiff's other arguments and find them without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.